IN THE UNITED STATES
SOUTHERN DISTRCT COURT

| | | |
|---|---|---|
| ANTONIA MARTINEZ | ) | |
| WHEELAND | ) | CASE NO.: 21-782 |
|     Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
|   v. | ) | |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC. | ) | |
|     Defendant. | ) | |

## COMPLAINT

Plaintiff, Antonia Martinez Wheeland (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant Equifax Information Services LLC (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et. seq*. ("FCRA").

## PARTIES

1. Plaintiff is a resident of Baytown, Chambers County, Texas.

2. At all material times plaintiff was a consumer and said term is defined under 15 USC § 1681a(c).

3. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the state of Texas and may be served with process upon it's registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

4. At all material times Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and dispersing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 USC § 1681d to third parties.

5. At all material times hereto, Equifax dispersed such consumer reports to third parties under contract for monetary compensation.

## VENUE

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et. seq.*

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), to being that the acts and transactions occurred here, plaintiff resides here, and defendant transact business here.

8. Plaintiff brings this action for damages arising from the defendants violation of 15 USC § 1681 *et seq* commonly known as the Fair Credit Reporting Act ("FCRA").

## FACTUAL ALLEGATIONS

9. In 2019, Plaintiff reviewed her credit report and discovered that Trans Union LLC (non-party) and Equifax were reporting two (2) RMA Credit Associated collection accounts that did not belong to her.

10. Plaintiff also found an address in Beaumont, Texas that was reporting on her credit that did not belong to her.

11. On November 13, 2019, plaintiff disputed the address and the account via Trans Union and Equifax's online portal.

12. In her dispute, plaintiff claimed that the account was not hers.

13. Equifax has been reporting this an accurate information through the issuance of false consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

14. In response to her dispute, Trans Union performed a reasonable re-investigation and noted that the account was not Plaintiff's. Thus, Trans Union removed the disputed information.

15. In response to her dispute, Equifax failed to perform a reasonable reinvestigation and verified that the account belong to Plaintiff.

16. Despite Plaintiff's dispute, Equifax did not evaluate or consider any information, claims, or evidence, and did not make any attempt to reasonably verify the information concerning the disputed accounts.

17. Equifax violated 15 U.S §1681(i) by failing to conduct a reasonable investigation and failing to delete or correct the disputed tradeline within thirty (30) days of receiving Plaintiff's dispute.

18. Had Equifax conducted a reasonable investigation of Plaintiff's dispute, it would have been revealed to Equifax that the accounts did not belong to Plaintiff.

19. After the initial dispute with Equifax, Plaintiff attempted to clear the account by reaching out to RMA Credit Associated. After multiple phone calls, the operators at RMA did not provide Plaintiff any information regarding these accounts or why they alleged the accounts belonged to her.

20. Plaintiff disputed a second time online via Equifax's online portal in May 5, 2020, again claiming that the account was not hers.

21. In response to Plaintiff's second dispute, Equifax once again failed to conduct a reasonable investigation and verified that the account belonged to her.

22. Feeling hopeless, Plaintiff decided to hire an attorney to help fix this issue with her credit.

23. After hiring counsel, her attorney was able to obtain information from RMA Credit Associated regarding the collection accounts that RMA was reporting on her credit file.

24. The date of service associated with the medical treatments for the RMA accounts were January 24, 2014 and January 27, 2014.

25. Only after obtaining this information was Plaintiff able to prove that she was out of the country on the dates associated with medical treatment, thereby specifically showing that she could not have incurred the debt associated with this account.

26. RMA Credit Associated removed the account from her credit in October 2020.

27. Plaintiff has suffered diminished credit, stress, emotional anguish, humiliation and embarrassment, loss of credit, loss of ability to purchase and benefit from credit, and higher interest rates due to Equifax's failure to investigate this issue and to remove these inaccurate accounts from her credit.

## CAUSES OF ACTION

28. Plaintive re-alleges and reaffirms the above paragraphs as though fully set forth herein.

29. After receiving Plaintiff's dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

30. Equifax violated 15 USC 1681(e)(b) by failing to establish or follow reasonable procedures to ensure maximum possible accuracy in the preparation of credit report and credit files that Equifax publishes and maintains concerning Plaintiff.

31. As a result of this, Equifax's conduct, action, and inaction, Plaintiff was harmed and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interfering with Plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the trier of fact.

32. Equifax's conduct, action and inaction was willful rendering it to be liable to Plaintive for punitive damages pursuant to 15 USC § 1681n.

33. In the alternative, Equifax's conduct, action, and inaction was negligent and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

34. Plaintiff is entitled to recover costs and attorney fees from Equifax pursuant to 15 U.S.C. § 1681 and or § 1681o.

## SECOND CAUSE OF ACTION

35. Plaintive re-alleges and reaffirms the above paragraph as though fully set forth herein.

36. After receiving Plaintiff's dispute, Equifax failed to correct the false information from Plaintiff's consumer report.

37. Equifax violated 15 U.S.C. § 1681(i) by failing to delete inaccurate information in Plaintiff's credit file, by failing to conduct lawful re-investigations, and by failing to maintain reasonable procedures to which to filter and verify disputed information in Plaintiff's credit files after receiving actual notice of such inaccuracies.

38. As a result of this conduct, action, and inaction of Equifax, Plaintiff was harmed and continues to have suffered actual damages including economic loss, damage to

reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff's damages in an amount to be determined by the trier of fact.

39. Equifax's conduct, action, and inaction was willful rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Equifax's contact, action, and inaction was negligent, entitling Plaintive to recover damages under 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover costs and attorneys fees from defendant Equifax pursuant to 15 U.S.C. § 1681n or § 1681o.

42. Pursuant to F.R.C.P. 38, Plaintiff demands a trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial against defendant Equifax for noncompliance of the FCRA and demands:

1. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. §1681 in, of not less than $100 and not more than $1000 per violation.

2. Punitive damages, pursuant to 15 USC §1681n(a)(2) for defendants willful violation.

3. The cost of instituting this action together with reasonable attorneys fees incurred by plaintiff pursuant to §1681n(a)(3); and

4. Any further legal and equitable relief as this Court may deem just and proper under the circumstances.

DATED:  March 9, 2021                    Respectfully submitted,

                                         /s/ *Jason S. Long*_____
                                         Jason S. Long
                                         Attorney-in-charge
                                         jlong221@gmail.com
                                         Texas Bar #24098012
                                         S.D. TX Bar #3606542
                                         554 Baroque Way
                                         Irving, TX 75060
                                         Phone: 972-632-6310

                                         ATTORNEY FOR PLAINTIFF